UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>$2,138.79 IN ACCOUNT NO. XXX4209 )<br>AT SKYLINE NATIONAL BANK, AND )<br>$3,022.63 IN ACCOUNT NO. )<br>XXXXXX2141 AT SKYLINE NATIONAL )<br>BANK ) | Court No. 7:19CV550 |

**<u>VERIFIED COMPLAINT FOR FORFEITURE *IN REM*</u>**

Now comes the plaintiff, United States of America, by and through its attorney, Krista Consiglio Frith, Assistant United States Attorney, and brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

<u>NATURE OF THE ACTION</u>

1. This is a civil action *in rem* brought to forfeit and condemn certain personal property assets to the use and benefit of the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), for violations of 18 U.S.C. § 1957 and 18 U.S.C. § 1343.

<u>THE DEFENDANTS *IN REM*</u>

2. The defendant property consists of the following property:

   (a) Skyline National Bank accounts of AARON N. STAENGL, account number 0100252141, which contains approximately $3,022.63;

   (b) Skyline National Bank accounts of AARON N. STAENGL DBA. STAENGL DESIGN TECH, account number 3244209, which contains approximately $2,138.79.

<u>JURISDICTION AND VENUE</u>

3. This Court has jurisdiction over an action commenced by the United States under

1

28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because the acts giving rise to this forfeiture occurred in this district. Venue is also proper pursuant to 28 U.S.C. § 1395 because the property is located in this district.

6. Upon the filing of this Complaint, the plaintiff requests that the Clerk of Court issue a Warrant of Arrest *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property that is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 18 U.S.C. § 1957 and 18 U.S.C. § 1343 and pursuant to 18 U.S.C. § 981(a)(1)(C), as the property constitutes proceeds traceable to a violation thereof.

## FACTS

8. The facts supporting this Complaint are stated in the attached Declaration of Special Agent Susan L. Drees-Armstrong, Virginia State Police, and are incorporated by reference herein.

WHEREFORE, the United States of America respectfully requests that the Clerk of Court issue a Warrant of Arrest *in rem* pursuant to Supplemental Rule G(3)(b); that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such

2

Case 7:19-cv-00550-GEC   Document 1   Filed 08/07/19   Page 2 of 4   Pageid#: 2

other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                THOMAS T. CULLEN
                United States Attorney

                /s/Krista Consiglio Frith
                Assistant United States Attorney
                Virginia Bar No. 89088
                310 First Street, S.W., Room 906
                Roanoke, VA 24011
                Phone: (540)857-2250
                Fax: (540)857-2614
                krista.frith@usdoj.gov

## VERIFICATION

I am a Special Agent of the Virginia State Police, and one of the agents assigned the responsibility for the above-captioned matter. I have read the contents of the foregoing Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of July, 2019.

Susan L. Drees-Armstrong
Special Agent, VSP

# DECLARATION AND AFFIDAVIT OF SUSAN L. DREES-ARMSTRONG
# IN SUPPORT OF A COMPLAINT FOR FORFEITURE

I, Susan L. Drees-Armstrong, having been duly sworn, provide the following information in support of the filing of a **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***:

1. Your affiant is a sworn member of the Virginia State Police Bureau of Criminal Investigation and assigned to the General Investigation Section of the Salem Field Office. Your affiant has in excess of seven years of experience as a sworn law enforcement officer. Your affiant has earned a Bachelor's of Science Degree in Criminal Justice with a minor in Accounting and Master's Degree in Business Administration with a minor in Accounting. Your affiant has work experience in fraud investigation, finance, business accounting, inventory management, business management, and is a Certified Fraud Examiner through the Certified Examiner's Association. Your affiant has participated in a variety of criminal investigations including, but not limited to, fraud cases, banking crimes, money laundering, embezzlement, larceny, financial elder abuse, weapons violations, homicide, rape, narcotics, assaults, crimes against children, and other crimes.

2. A summary of the relevant facts are set forth below and are based on an accumulation of investigation by law enforcement officers and civilian investigators employed by the Virginia State Police. This affidavit is not inclusive of the entire investigation.

3. This affidavit is made in support of the filing of a complaint for forfeiture against $2,138.79 in Account No. XXX4209 at Skyline National Bank, and $3,022.63 in Account No. XXXXXX2141 at Skyline National Bank. Based on the information developed during the investigation and detailed herein, your affiant believes there is probable cause that the accounts of AARON N. STAENGL, account number XXXXXX2141, and AARON N. STAENGL DBA. STAENGL DESIGN TECH, account number XXX4209, maintained at Skyline National Bank, constitute property derived from proceeds as the result of violations of 18 U.S.C. § 1956(a)(1)(B)(i), 18 U.S.C. § 1957 and 18 U.S.C. § 1343 and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

4. This investigation began after Skyline National Bank became suspicious of deposits made by account holder, Aaron Staengl. Aaron Staengl opened a business account at Skyline National Bank under the name Staengl Design Tech on September 28, 2017. From September 28, 2017 to March 13, 2018, deposits were made totaling $48,394.28, transfers totaling $31,814.51 were sent to an account in India, and $8,070.21 was transferred into Staengl's personal account at Skyline National Bank. Staengl admitted to printing then depositing over 100 checks. The bank was unable to process the checks through a proof machine and had to manually key check information because there was no micr ink on the checks. Checks totaling $5,246.25 were charged back for no account available or not authorized.

5. The account in India that Staengl transferred funds to is owned by Spring Techno Solutions Private Limited F-6 City Centre Sector 4. An internet search for Spring Techno Solutions revealed public complaints from people that felt they were scammed. Search warrants were executed at Skyline National Bank, Staengl's residence, Yahoo! and G-mail accounts, and Seamless checks. Interviews were conducted with individuals whose name and address were printed on checks, as well as, Staengl and his wife Rashmi Staengl.

6. Aaron Staengl is a resident of Floyd, VA and was interviewed by your affiant while a search warrant was conducted at his residence March 16, 2018. He said Hari Shananda, a friend he used to work with, and has met in person, contacted him about having an account and processing payments using Seamless checks. The tech support company told him they do ethical business practices. Staengl told your affiant he was their accountant and received 20% of the check amount for processing payment. When asked who was in charge, Staengl stated the tech support in India and himself, with a local office to process payments. Staengl stated he printed out documents from Docusign then gave them to the bank.

   Staengl was asked where he received information for the checks he printed. He responded he has a login and password for Seamless check. Then he was asked if there was a company associated with the Seamless check account. He said they work with their customers and the customers put in the information to Seamless check. The person that is in charge of that has the account and downloads the checks. Staengl was asked the purpose of the company and he said they supposedly do tech support. He thinks they do support over the phone. When asked who was in charge of the company, Staengl said there are two different things. There is the tech support in India and himself with a local office to process payments. Staengl explained they did not set up an account in India to process payments from "customers" because there was a problem processing funds there.

7. Bank records reveal Staengl opened the account as a sole proprietorship. He is listed as owner on the signature card and it is in the name Aaron N Staengl DBA Staengl Design Tech. The address listed is Staengl's residence.

8. Search warrants were executed at Staengl's residence, Skyline bank, G-mail, Yahoo!, and Seamless checks. Computers seized at his residence were examined and his cell phone was imaged.

9. Seamless Checks records reveal account named Sdesigntech is registered to Staengl's residence in Floyd, Virginia. The contact name is Aaron Staengl and there is not a separate billing address on file. The company e-mail account and admin is listed as aaronananta@gmail.com. Three checks were stored dated November 29, 2017.

10. Staengl's iPhone had messenger history with an individual named avadhuta acarya hariishananda. The two chatted about transferring funds, how much money was in the account, and business.

11. Staengl's computer was examined by a Computer Examiner. Skype chats were located between Staengl and display name Acarya Hariishananda Avadhuta. On September 27, 2017 Staengl stated "Apparently the closest CVB bank is in Washington DC, so I will just open an account in my local bank. Just give me your company name so that I can open it in that name and get a local business license for that, you can also give me any relevant information for your financial institution. I am looking forward to working with your tech suport company, namaskar".

    a. Avadhuta responded to Staengl September 28 stating "Spring techno solutions. but you open another company for tech support". Avadhuta tells Staengl to apply for Seamless Check and that they will connect the account to Seamless Check. Staengl later stated "ok, I will get a local business license, open a business bank account solely for the purpose of collecting money for Spring Technologies solution, and create a seamless check profile, after I do all of that I will contact you with the information, until then just let me know about anything else". Avadhuta said "Not spring techno solution but collecting money for your local business. it will be our internal agreement that we will do business for your local company. MOU" then said "1. open company 2. open bank account. 3. apply seamless check or check2pay." They went on to discuss potential names of the company Staengl was going to open then Staengl stated " I'll do all that today and then get back to you."

12. On November 30, 2017, Staengl communicated with display name Adam Clarke. They discussed processing checks using the name sdesigntech. Records show discussions about printing and depositing checks. On December 1, 2017, Staengl stated, "our go daddy domain is: stechsupport.com". On December 4, 2017, Clarke discusses the cancellation period for checks using Seamless. Staengl asked him why credit card payments were not accepted. Clarke said "bcoz in credit card they can cancel till 6 months". Further conversations reveal discussions about Clarke inputing account information for the checks, account balances, bad checks, and checks that should not be deposited.

13. The computer examination revealed numerous copies of stored checks and some docusign papers. Excel spreadsheets were located including invoices from S Design Tech, 865 Dobbins Farm Rd, Floyd, VA 24091 to Spring Techno Solutions, Regd.Off : F/6,City Center Sector4,Bokaro Steel City - 827004, Corp.Off: FL01,STPI,Plot 8 Part,Namkum Industria Area, Namkum, Ranchi - 834010.

14. Several victims have provided information during the investigation. The victims indicate they were contacted by S Design Tech regarding their computer and informed that their computer had been infected with a bug or virus. A majority of the

victims described having computer issues before being contacted. S Design Tech instructed people to allow the company remote access so their computer could be fixed. Some of victims said they were contacted multiple times by S Design Tech. Each time, the company requested money to make various repairs including Microsoft. The investigation revealed, however, that S Design Tech was infecting computers with viruses or bugs for the purpose of fraudulently obtaining payment for fixing the computers.

15. The following is a summary of information provided by a portion of the victims who were interviewed during the investigation:

    a. Victim 1 paid $1999.99 to Sdesigntech and said Sdesigntech called him to fix problems on his computer. They erased everything on his computer after he declined to make additional payments to them. Victim 1 said people keep calling him and they have never mailed or sent e-mails. Bank account records confirm that Victim 1 paid Sdesigntech/Staengl $1999.99.

    b. Victim 2 made a payment of $749.53 to Sdesigntech. The payment was because his computer had been hacked and he believed that Sdesigntech would fix his computer. He received a notice from Microsoft and found Sdesigntech online. He corresponded with them over the computer but they did not fix his computer. Victim 2 stated that Sdeisgntech wanted to do lifetime services but did not know what they were doing. Victim 2 made the payment via PayPal, and Skyline National Bank records revealed a check, belonging to Victim 2, was deposited for $749.53, into the Sdesigntech business account.

    c. Victim 3 paid $499.93 to Sdesigntech because his computer was hacked, but they did not fix his computer. Victim 3 said a PayPal account was opened by someone; he did not do it. He bought a new computer then someone called him and said a new computer could not stop the hacking. Someone called his cell phone saying they were with Microsoft and his computer had been hacked. He was on the phone with the person for one hour and they requested $1,300. Then he received another phone call, from Staengl Tech Solutions, saying it was not Microsoft and that he needed to purchase protection for $1,600. Skyline National Bank records reveal a check, belonging to Victim 3, was deposited for $499.93, into the Sdesigntech business account.

    d. Victim 4 said he paid Sdesigntech $99.47 for computer support after his computer gave a warning that it had been hacked. Sdesigntech called him and has never sent him documentation or fixed his computer. They gave him contact phone numbers of (888) 630-3350 and (888) 818-4009, a contact person of employee ID 4554RV, and e-mail support@stechsupport.com. Skyline National Bank records confirm Victim 4 paid Sdesigntech $99.47.

e. Victim 5 paid $299.36 to Sdesigntech when they contacted her offering to fulfill her need for security. Victim 5 explained she went to Florida for vacation at the end of January when a woman named Myia called asking why they had not heard from her. Myia said her license was about to expire and it was an urgent matter. The company would not leave Victim 5 alone until she told them she knew she needed to write a check for them to leave her alone. The company made her give them her bank account and routing number. Victim 5 recalls paying them more than one time. The company calls Victim 5 frequently, including within the last month but she does not answer. Victim 5 said they call using the internet and they have team viewer downloaded to her computer. A local technology person has told Kirby Sdesigntech has hacked her computer. Skyline National Bank records confirm Victim 5 paid Sdesigntech $299.36.

f. Victim 6 paid $600.36 to Sdesigntech and said he hired Sdesigntech to proof his computer but he thinks the company is fraud. Victim 6's computer was failing and he had to get it rebooted when he came in contact with Sdesigntech. Victim 6 said he could hear foreign languages in the background, possibly Indian. They downloaded a program on his computer which he has since deleted. Skyline National Bank records confirm that Victim 6 paid Sdesigntech $600.36.

g. Victim 7 said she paid S Design $250.07 (Staengl Design Tech) for computer technical assistance. The company contacted her via telephone stating Geek Squad tapped into their company. They also told her someone had tapped into her computer. S Design said they were located in Virginia but the people that call are located in India. Victim 7 requested a copy of their license but never saw anything. Victim 7 said she made multiple payments totaling $500 to prepay 5 years of computer needs. The company recently called her stating her Microsoft license expired and she needed to pay $199.99 to renew it. S Design put malware on Victim 7's computer and an icon called IT assist. Victim 7 has never called them for assistance. They call her and do remote access, but have not done anything to fix her computer. Victim 7 gave them her bank account number. Skyline National Bank records confirm Victim 7 paid Sdesigntech $250.07.

16. Skyline National Bank accounts of AARON N. STAENGL, account number 0100252141, and AARON N. STAENGL DBA. STAENGL DESIGN TECH, account number 3244209 has balances of $3,022.63 and $2,138.79, respectively. Aaron Staengl admitted to printing then depositing checks containing victims' account information. Bank records reveal, of the checks Staengl deposited, $31,814.51 was transferred to an account in India and $8,070.21 was transferred into Staengl's personal bank account. The deposits into Staengl's personal bank account were almost exclusively from the Staengl Design Tech business account. Steangl contributed three cash deposits over the life of the account: $50 when the account

contributed three cash deposits over the life of the account: $50 when the account was opened, $100 on November 22, 2017, when the account was negative, and $500.02 on November 30, 2017. The only deposits into the Staengl Design Tech business account were from victims of the fraud. The only transfers from the business account were into Staengl's personal bank account and a bank account in India.

17. Based upon the preceding facts, information, and evidence gathered as a result of the investigation, your affiant believes there is probable cause to believe the Skyline National Bank accounts of AARON N. STAENGL, account number XXX4209, and AARON N. STAENGL DBA. STAENGL DESIGN TECH, account number XXXXXX2141, constitute property derived from proceeds obtained as the result of fraud and the monies are proceeds of violations of 18 U.S.C. § 1957 and 18 U.S.C. § 1343. The Defendant money in these bank accounts constitute money obtained by fraudulently hacking computers in Virginia and requesting payment via telephone, in violation of 18 U.S.C. § 1343. The financial instruments are therefore forfeitable under 18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29 day of July 2019.

_____
Susan L. Drees-Armstrong
Special Agent, VSP

# CIVIL COVER SHEET

7:19cv00550

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
U.S.

**DEFENDANTS**
$1,978.80 in Account No. XXX4209 at Skyline National Bank, and $6,134.69 in Account No. XXXXXX2141 at Skyline National Bank

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Grayson County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Krista Consiglio Frith, AUSA

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **LABOR** / **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C)
Brief description of cause:
Forfeiture of Bank Accounts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____